UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD SEVERE and EDUARDO NEGRON individually and on behalf of all other persons similarly situated who were employed by PRECISION PIPELINE SOLUTIONS, LLC,<br><br>                                              Plaintiffs,<br><br>- against -<br><br>PRECISION PIPELINE SOLUTIONS, LLC,<br><br>                                              Defendants. | Civil Action: 20-cv-281 (KPF)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs, on behalf of the putative class, by their attorneys, Virginia & Ambinder, LLP, for their Complaint against Defendants, allege as follows:

### PRELIMINARY STATEMENT

1. This action is brought on behalf of Plaintiffs and a putative class of individuals who worked performed work installing, servicing, inspecting, maintaining, and repairing gas lines, gas meters, gas regulators, and doing related construction-trade tasks, for PRECISION PIPELINE SOLUTIONS, LLC (hereinafter referred to as "Precision"), to recover wages and benefits which Plaintiffs and the members of the putative class were contractually entitled to receive for work they performed on Consolidated Edison of New York, Inc. ("Con Edison") projects in New York (the "Utility Projects").

### THE PARTIES

1. Plaintiffs, and other members of the putative class, are individuals residing in the State of New York who are currently or were formerly employed by Precision at the sites of the Utility Projects.

2. Plaintiff Ronald Severe is a resident of the State of New York who was employed by Precision who performed gas meter and line installation, service, inspection, and repair work,

along with related construction trade labor, on the Utility Projects.

3. Plaintiff Eduardo Negron is a resident of the State of New York who was employed by Precision between approximately the summer of 2016 and October 2018, who performed gas meter installation, service, inspection, and repair work, along with related construction trade labor, on the Utility Projects.

4. Upon information and belief, Defendant Precision is a domestic Limited Liability Company organized and existing under the laws of the State of New York, with its principal place of business at 617 Little Britain Road, Suite 200, New Windsor, New York, engaged in the construction business, and is a citizen of the states of Delaware and Washington.

## **JURISDICTION**

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332; and 28 U.S.C. § 1441.

6. Plaintiffs are citizens of the State of New York.

7. Defendants, upon information and belief, are citizens of the states of Delaware and Washington.

8. The amount in controversy exceeds $75,000, exclusive of interest and costs.

9. The statute of limitations for breach of contract claims under New York law is six years, pursuant to New York Civil Practice Law and Rules § 213(2).

## **VENUE**

10. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## CLASS ALLEGATIONS

11. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

12. This action is brought on behalf of the Plaintiffs and a class consisting of every other person who performed work constituting "construction-like labor" for Precision on the sites of the Utility Projects.

13. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals. In addition, the names of all potential members of the putative class are not known.

14. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. The questions of law and fact include, but are not limited to: (1) whether the contracts Defendant entered into with Con-Ed required them to pay prevailing wages for certain types of work; (2) whether Plaintiffs performed the types of work which required the payment of prevailing wages; and (3) what rate of wages and supplemental benefits applied to the work performed by Plaintiffs.

15. The claims of the Plaintiffs are typical of the claims of the putative class. Named Plaintiffs and putative class members were all employed by Defendants to perform construction-like labor on similar projects operated under identical contracts. Named Plaintiffs and putative class members were all paid below the prevailing rates of wages and supplemental benefits required to be paid pursuant to the Utility Contracts.

16. The Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour

collective and class-action litigation.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## **FACTS**

18. Upon information and belief, beginning in or about 2013, Precision entered into several contracts with Con Edison to perform construction work at the sites of the Con Edison Projects in New York (the "Utility Contracts"), including but not limited to a contract for the "Manhattan Gas Meter Exchange and Inspection Program."

19. Plaintiffs and those similarly situated performed work for Precision which included the installation, servicing, inspection, maintenance, and repair of gas lines, gas meters, gas regulators, along with other similar and related construction tasks.

20. As part of their duties for Defendants under the Utility Contracts, plaintiffs and others similarly situated were regularly required to "use or open a street," as that term is defined under New York City Administrative Code §§ 19-142, 19-102, and 1-112(13), along with other applicable provisions of New York law, through the removal, opening, or disturbing of the pavement of public sidewalks.

21. Upon information and belief the Con Ed Contracts included a document entitled "Consolidated Edison Company of New York, Inc. Standard Terms and Conditions For Construction Contracts" ("Standard Terms & Conditions").

4

22. Specifically set forth in Paragraph 14 (A) of the Standard Terms and Conditions is a provision that requires the contractor performing the Utility Projects at issue here to pay the hourly rate of prevailing wages and benefits set by the Comptroller of the City of New York or the New York State Department of Labor pursuant to New York Labor Law § 220 to workers so employed in construction trades upon the Con Ed Projects.

23. Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits established by the New York City Comptroller ("Prevailing Wage Schedule") was annexed to, or incorporated by reference, in each of the Con Ed Contracts.

24. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Utility Contracts was made for the benefit of all workers furnishing labor on the Utility Projects and, as such, the workers furnishing labor on the sites of the Utility Projects are the beneficiaries of that promise.

25. Plaintiffs and others similarly situated were paid at a rate less than the wage and supplemental benefit rate to which they were entitled for the work they performed pursuant to the prevailing wage provisions of the Con Ed Contracts.

26. Plaintiffs typically were paid no more than $25 per hour for the work they performed for Defendants.

27. Pursuant to the Con Ed Contracts, plaintiffs were required to be paid the prevailing rate of wages and supplemental benefits established by the Comptroller of the City of New York for the trade work they performed. The work performed by Plaintiffs fits within the trades recognized by the New York City Comptroller as Laborer (Foundation, Concrete, Excavating,

Street Pipe Layer and Common); Plumber (Mechanical Equipment and Service); Plumber (Pump and Tank); Steamfitter; Operating Engineer; and similar related trades.

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT PRECISION --
## BREACH OF THE UTILITY CONTRACTS

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 18 hereof.

29. Upon information and belief, the Utility Contracts entered into by Defendant Precision, contained a requirement to pay Plaintiffs and the putative class at the prevailing rates of wages and supplemental benefits for the work they performed as operating engineers.

30. Those prevailing rates of wages and supplemental benefits were made a part of the Utility Contracts for the benefit of Plaintiffs and the other members of the putative class.

31. Defendant Precision breached the Utility Contracts by willfully failing to pay and ensure payment to Plaintiffs and the other members of the putative class the prevailing rates of wages and supplemental benefits at the proper trade classification rates for all labor performed upon the Utility Projects.

32. By reason of its breach of each Utility Contract, Defendant Precision is liable to Plaintiffs and the other members of the putative class in an amount to be determined at the trial, plus interest, costs and attorneys' fees.

**WHEREFORE**, Plaintiffs and the members of the putative class demand judgment:

(1) on their first cause of action against Defendant Precision in an amount to be determined at trail, plus interest, costs and attorneys' fees; and

(2) such other and further relief as to the Court may deem just and proper.

Dated:  New York, New York
        March 18, 2020

                VIRGINIA & AMBINDER, LLP

                <u>/s/JAMES EMMET MURPHY</u>
                James Emmet Murphy, Esq.
                Lloyd Ambinder, Esq.
                Attorneys for Plaintiffs and the Putative Class
                40 Broad Street  --  7th Floor
                New York, N.Y. 10004
                JMurphy@vandallp.com
                (212) 943-9080